IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                          PLAINTIFF

v.                           No. 4:22-cv-1076-DPM

DARRELL W. SHAW, Personal Representative
of the Estate of Sarah Shaw, Deceased;
TERESSA SHAW, Personal Representative of
the Estate of Sarah Shaw, Deceased;
JEFFERSON D. STALNAKER, Administrator
of the Estate of Timothy Luke Stalnaker,
Deceased; and BRETTSON D. CULLUM                                       DEFENDANTS

ORDER

Is this Polaris ATV a car within the meaning of State Farm's policy?



The policy contains this definition:

> Car means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:
> 1. Any vehicle while located for use as a dwelling or other premises; or
> 2. A truck-tractor designed to pull any type of Trailer . . ..

*Doc. 4-2 at 9.*

This Polaris ATV is a land motor vehicle with four wheels. But Arkansas defines an all-terrain vehicle as one that, among other specifics, "[i]s designed primarily for off-road recreational use[.]" ARK. CODE ANN. § 27-21-102(1)(A)(iv). With several inapplicable exceptions, Arkansas law forbids operating an ATV on a public road. ARK. CODE ANN. § 27-21-106. The fact that many folks in our State routinely use ATVs on public roads that are paved, gravel, or dirt, does not change the law.

These record facts are undisputed. The "certificate of origin" for this Polaris ATV stated that "THIS OFF-ROAD VEHICLE IS NOT INTENDED FOR, AND MAY NOT BE REGISTERED FOR, ON-ROAD USE." *Doc. 22-1 at 7.* The ATV's owner requested and received an Arkansas title for an "AT," an all-terrain vehicle. *Doc. 22-2.* A warning label on this Polaris said "NEVER USE ON PUBLIC ROADS." *Doc. 22-3 at 65.* The marketing materials for the Polaris included pictures of ATVs on dirt and gravel surfaces and statements that a Polaris ATV is an off-road vehicle. *Doc. 22-3 at 6-8 & 25-27.* The owner's

manual stated that the Polaris was "designed for off-road use only, not for use on pavement." *Doc. 22-3 at 57*. The manual also said "Never operate this vehicle on any public street, road or highway, including dirt and gravel roads (unless designated for off-highway use)." *Ibid*. This accident occurred on Brock Lake Road—a public gravel road in Cleveland, Arkansas.

State Farm's policy is not ambiguous. This Polaris ATV was not designed for use primarily on public roads. Precedent has not been particularly helpful. The Court of Appeals for the Eleventh Circuit dealt with similar issues, though slightly different State Farm policy terms in *State Farm Mutual Automobile Insurance Co. v. Spangler*, 64 F.4th 1173 (11th Cir. 2023). And while *Walker v. State Farm Mutual Automobile Insurance Co.*, 259 F. Supp. 3d 1139 (D. Nev. 2017), involved similar policy language, it was about a sandrail. It's analysis of whether a sandrail was designed for use primarily on public roads is somewhat helpful in determining whether an ATV is covered under State Farm's policy in this case. It is not.

Because the Polaris ATV is not covered under the policy, State Farm has no duty to defend the Shaws, Stalnaker, or Cullum. *Kolbek v. Truck Insurance Exchange*, 2014 Ark. 108, at 6, 431 S.W.3d 900, 905-06. Stalnaker argues that a determination on whether State Farm has a duty to indemnify the defendants should hang fire until the state court case is resolved. While coverage disputes can sometimes be

complex, and the answer unclear until judgment in the underlying lawsuit, here the answer is clear now. Because State Farm has no duty to defend anyone involved in this accident, it also doesn't have a duty to indemnify them as things stand in the state court case. *Landers Auto Group No. One, Inc. v. Continental Western Insurance Co.*, 621 F.3d 810, 815 (8th Cir. 2010) (Arkansas law); 14 COUCH ON INSURANCE § 200:3 (3d ed. 2023).

The underlying facts in this case are sad. Stalnaker was driving the Polaris ATV. Shaw was riding on the back. They collided with Cullum's ATV. Shaw and Stalnaker died. Shaw's estate has sued Stalnaker's estate and Cullum in state court, alleging that both were negligent in operating these two ATVs. That case is still pending. But under these facts, State Farm doesn't have any duty to defend or indemnify in that case because the Polaris ATV isn't covered under State Farm's policy.

\* \* \*

Motion for summary judgment, *Doc. 20*, granted. Judgment will issue.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

26 January 2024

-4-